IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DARREN HIGHTOWER, #1164913,  )<br>      Petitioner,  )<br>  )<br>v.  )<br>  )<br>DOUGLAS DRETKE, Director, Texas  )<br>Department of Criminal Justice,  )<br>Correctional Institutions Division,  )<br>      Respondent.  ) | 3:05-CV-0863-B |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, the subject cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a petition for a writ of habeas corpus brought by a state inmate pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is presently confined at the Hodge Unit of the Texas Department of Criminal Justice -- Correctional Institutions Division (TDCJ-CID) in Rusk, Texas. Respondent is the Director of TDCJ-CID. The court has not issued process in this case.

Statement of Case: Petitioner pled guilty to aggravated robbery in the 265 Judicial District Court in Cause No. F02-73909-QR. (Petition (Pet.) at 2). On April 23, 2003, punishment was assessed at eight years imprisonment. (Id.). Petitioner did not appeal. (Id. at 3).

On April 16, 2004, Petitioner filed an application for a writ of habeas corpus pursuant to

art. 11.07, Texas Code of Criminal Procedure, raising the grounds at issue in this case. (Id. and attachments to Pet., see letter from Dallas County District Clerk). The Texas Court of Criminal Appeals (TCCA) denied the application without written order on the findings of the trial court without a hearing on July 21, 2004. (Pet. at 4 and attachments to Pet, see copy of white card in Ex parte Hightower, No. WR-59,578-01).

In his federal petition, filed on April 28, 2005, Petitioner alleges (1) his confession was coerced, (2) his plea was involuntary, (3) his counsel rendered ineffective assistance, and (4) the evidence was insufficient to support the elements of the crime.[1]

Findings and Conclusions: The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. See 28 U.S.C. § 2244(d). The court may raise the affirmative defense of the statute of limitations *sua sponte*. See Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1999).[2]

The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right, if the right has been newly

---

[1] For purposes of this recommendation, the petition is deemed filed on April 24, 2005, the date Petitioner signed the same and placed it in the prison mail. See Spotville v. Cain, 149 F.3d 374, 377 (5th Cir. 1998) (holding that a federal petition is deemed filed for determining application of the AEDPA when the prisoner tenders it to prison officials for mailing).

[2] On June 22, 2005, the magistrate judge informed Petitioner of the one-year statute of limitations and granted him thirty days to state all reasons why his petition should not be dismissed as barred by the limitation period. Petitioner filed his response to the court's show cause order on July 11, 2005.

recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. See id. § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition. Nor does he base his petition on any new constitutional right under subparagraph (C). With regard to subparagraph (D), the Court determines that the facts supporting the claims raised in the instant petition for habeas relief became known or could have become known prior to the date Petitioner's state judgment of conviction became final. Thus, the court will calculate the one-year statute of limitations from the date Petitioner's conviction became final at the conclusion of direct review or upon the expiration of the time for seeking such review. See 28 U.S.C. § 2244(d)(1)(A).

Petitioner did not appeal his conviction. As a result, his conviction became final on May 23, 2003, thirty days after the judgment of conviction. See Tex. R. App. P. 26.2(a)(1) (effective Sept. 1, 1997), formerly Tex. R. App. P. 41(b)(1); see also Scott v. Johnson, 227 F.3d 260, 262 (5th Cir. 2000). The one-year period began to run on May 24, 2003, the day after his conviction became final. See Flanagan v. Johnson, 154 F.3d 196, 202 (5th Cir. 1998). As of April 16, 2004, the date on which Petitioner filed his art. 11.07 application, 328 days of the one-year limitation period had elapsed. The state application remained pending until July 21, 2004, during which time the one-year period was tolled pursuant to 28 U.S.C. § 2244(d)(2). See also Sonnier v. Johnson, 161 F.3d 941, 944 (5th Cir. 1998); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998). The one year-period expired 37 days later on August 27, 2004, – 240 days before Petitioner filed the federal petition in this case on April 24, 2005. Therefore, the federal petition

is clearly untimely.

In response to this court's show cause order, Petitioner alleges that his art. 11.07 application was filed within the one-year limitation period, thus "giv[ing] me time to file my 2254s a [sic] year after my answer from the 11.07s I filed." (Petitioner's response to show cause order filed on July 11, 2005, at 1). Petitioner correctly notes that he filed his art. 11.07 within the one-year statute of limitations. The timeliness of his 11.07 application, however, does not entitle him to an additional year from the TCCA's denial of his art. 11.07 application. His contention that the one-year period did not commence *until the conclusion of state post-conviction review,* on July 21, 2004, is wholly baseless. See Harris v. Hutchinson, 209 F.3d 325, 327-328 (4th Cir. 2000) (rejecting a similar argument based on decisions in Valentine v. Senkowski, 966 F.Supp. 239, 241 (S.D.N.Y. 1997), and Martin v. Jones, 969 F.Supp. 1058, 1061 (M.D. Tenn. 1997)); McCoy v. Cockrell, 2002 WL 1575692, *2-3, 3:02cv798-G (N.D. Tex., Dallas Div., July 15, 2002) (adopting recommendation of magistrate Judge) (same).

The AEDPA specifically provides that the one-year period within which to file a federal habeas petition commences upon conclusion of *direct review* of a judgment of conviction. 28 U.S.C. § 2244(d)(1)(A). The running of the one-year period is suspended while state post-conviction proceedings are *pending* in any state court. 28 U.S.C. § 2244(d)(2). The Fifth Circuit, as well as every other circuit that has construed § 2244(d), has interpreted it in this way. See Fields, 159 F.3d at 916.

With respect to the doctrine of equitable tolling, the court notes that Petitioner does not rely on the same. (See Petitioner's response to show cause order). Nevertheless, his pleadings, even when liberally construed in accordance with his *pro se* status, do not present "rare and

exceptional circumstances" warranting equitable tolling, Davis v. Johnson, 158 F.3d 806, 810-11 (5th Cir. 1998), nor that he diligently pursued his rights, United States v. Patterson, 211 F.3d 927, 930 (5th Cir. 2000).

Petitioner states that he was unfamiliar with post-conviction remedies and, as a result, he had to follow the chart in the prison law library and wait for the TCCA's "answer" before filing his federal habeas petition. "[Ne]ither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999). Moreover, Petitioner's own allegations reflect that he did not pursue "the process with diligence and alacrity." Phillips v. Donnelly, 216 F.3d 508, 511 (5th Cir. 2000), reh'g granted in part, 223 F.3d 797 (5th Cir. 2000). Petitioner delayed the filing of his art. 11.07 application by almost eleven months. Following the denial of his art. 11.07 application, Petitioner waited for an additional seven months and twenty-eight days before submitting this federal petition for filing. (Pet. at 4). These delays – clearly of Petitioner's own making – do not evince due diligence. "[E]quity is not intended for those who sleep on their rights. Fisher v. Johnson, 174 F.3d 710, 715 (5th Cir. 1999). Therefore, the magistrate judge concludes that Petitioner is not entitled to equitable tolling.

RECOMMENDATION:

For the foregoing reasons it is recommended that the District Court dismiss the habeas corpus petition as barred by the one-year statute of limitations.  See 28 U.S.C. § 2244(d).

The Clerk will transmit a copy of this recommendation to Petitioner.

Signed August 29, 2005.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.